# The Commissioners of Spoon River Drainage District in Champaign County v. J. P. Conner, et al.

1. BENEFITS—*what deemed to establish.* Where lands sought to be attached to a drainage district have already been tiled, but not with such success as to prevent overflow and inundation, if the effect of their connection with the drainage district is to decrease such overflow and diminish and more effectually remove the inundation, benefit will be deemed to have been established.

· 2. DRAINAGE DISTRICT—*what lands are subject to annexation to.* Lands benefited by the work of a drainage district are subject to be attached thereto without regard to their natural conditions.

Petition to annex various tracts of land to drainage district. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed June 21, 1905.

RAY, DOBBINS & RILEY, for appellants.

A. E. BERGLAND and JOHN J. REA, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The commissioners of Spoon River Drainage District filed their petitions in the County Court of Champaign county to annex to that district one hundred and thirty-eight different tracts of land belonging to about one hundred different owners. The County Court granted the petitions as to some of the tracts and forty-eight of the owners of such tracts severally appealed to the Circuit Court where the appeals were consolidated and heard together.

The petition is brought under section 58 of the act commonly designated as the Drainage and Levee Act of May 29, 1879, as amended by the act of 1885 which provides: "Any land lying outside of the drainage district as organized, the owner or owners of which shall thereafter make connection with the main ditch or drain or with any ditch or drain within the district as organized or whose lands are or will be benefited by the work of such district shall be deemed to have made voluntary application to be included in such drainage district: and thereupon the commissioners

shall make complaint," etc., to the end that such lands may be attached to the district. The objection filed by each land owner is, "that his land is not now and will not be benefited by the work of said drainage district." Upon the hearing in the Circuit Court the petition was dismissed at the costs of the commissioners and execution was awarded against them therefor. More than fifty witnesses were examined upon the hearing. We do not propose to determine from the evidence in this record the question of fact as to each of the several tracts of land whether it is or will be benefited by the work of the district. Ordinarily when questions of fact arising in a cause are passed upon in the trial court under erroneous views of the law applicable thereto the cause should be re-submitted to that court. It will suffice in this case to express our views upon the questions of law which are presented.

The petitioners submitted to the court two propositions which they requested to be held as the law of this case upon the issue made by the objections filed. The court refused to hold them as offered but modified them and held them as modified. They are as follows, the parts stricken out by the court being in brackets and the parts inserted being in italics:

First. "(If the evidence shows that all of) *when* the lands of the objectors are drained by artificial ditches each of them connecting with and draining through the ditches of the lower lands, and (that) all the branch ditches of objectors are continuous artificial ditches connecting with the Spoon river ditch, and (that) said Spoon river ditches have been constructed by objectors and other adjacent land owners to south side of Section 26, Town 21, North, Range 10, East, at the point where the ditch of the drainage district commenced, and at that point the outlet of the ditches of objectors is not sufficient for good drainage *for the lands so artificially drained,* and the water spreads out and flows over (adjacent) *objectors'* lands, and the ditch proposed to be constructed and now established by said district will fur-

nish an outlet for the waters so received from the lands of objectors and others lying above, *and prevent such overflow,* then all the lands of objectors so draining will be benefited."

Second.    "(If the evidence shows that) *when* the objectors and adjacent land owners have constructed a system of drainage through each other's lands to the point where the commissioners commence their ditch, and the outlet of said system of drainage so established by objectors and adjacent land owners is not sufficient *for their lands* and the drainage *proposed to be* established by the commissioners and now being constructed will furnish (such) *a sufficient* outlet, then all the lands of objectors draining into that system and to that outlet will be benefited even though the water may pass off the lands of objectors through the lands of objectors."

The defendants submitted three propositions upon the issue made, all of which were held by the court, and are as follows:

First.    "That the owners of higher lands have the right to discharge the water collecting on, or coming over their lands, on to lower lands, through the natural courses, without laying themselves liable to be annexed to said drainage district."

Second.    "The owners of higher lands have a right to tile their lands into natural water courses on their own lands and thereby discharge the water of such higher lands upon the lower lands, without becoming liable to be annexed to drainage district, provided that by so doing, the owners of such higher lands do not thereby divert any of such water from its natural course or artificially attach their lands to the ditches of such drainage district."

Third.    "That the owners of higher lands have a right to discharge the water collecting on or coming over their lands on to lower lands through the natural water courses, and for the purpose of securing better drainage for agricultural purposes, they have the right to tile their lands into the water courses that nature has provided thereon, and to

clean out, deepen or widen said natural water courses on their lands, even if by so doing the water is discharged on to lower lands as aforesaid in greater quantity and with greater rapidity than in a state of nature, provided said water is not diverted from its natural courses by tiling or ditching as aforesaid."

It appears to be assumed by both the petitioners and the defendants that the test of benefits is the question whether drainage is needed and furnished and the degree to which it is furnished.

It is claimed by the defendants and the evidence tends to show that the lands of the defendants naturally lie higher and above the lands in the district and that water on defendants' lands by reason thereof flows towards and upon the district lands, that is, that the defendants' lands are the dominant and the district lands the servient. It appears that the defendants among themselves have tiled and ditched their lands towards the district lands and it also appears that notwithstanding the work done on their lands the water heretofore has overflowed their ditches and stood upon their lands at considerable depth and for considerable time and that this condition exists by reason of lack of outlet. It is claimed by the commissioners that the district work will to a great extent remove from the defendants' lands this overflow and thereby benefit their lands. The sense of the first proposition offered by appellant is not materially changed by any of the modifications made by the court except the last, the insertion of the words "and prevent such overflows." As modified by those words the proposition signifies that unless the district work would wholly prevent any overflow of the defendants' lands no benefit could be deemed to arise to them therefrom. It seems clear that although the district work might not prevent overflow yet if it so expedited the outflow of the water as materially to lessen the period of submergence of the lands it might well be a benefit to them and surely would be if after overflow of the lands the water was carried off rapidly enough to prevent destruction of crops

or otherwise render lands tillable or more useful for agricultural purposes than they were before. Absolute prevention of overflow would not seem to be necessary in order to the reception of benefits. We think the court erred in making that modification of the proposition.

We find no error in the modification made by the court to appellants' second proposition. We see no substantial difference between the proposition as offered and as modified and the law is correctly stated therein, but we are not able to harmonize this proposition with propositions one, two and three offered by the defendants and held as the law. These propositions are mere statements of the common law rule concerning the relation existing between estates dominant and servient. Section 58 of the Drainage Act has made innovation upon the common law. By it lands outside of an established district which "are or will be benefited by the work of such district" may be attached thereto dominant or servient, and it is made the duty of the commissioners to see to it that they are attached. The substance of these three propositions of the defendants is that dominant lands may not be attached to a district the lands of which are servient to them unless the owners thereof have artificially attached them to the ditches of the district. These propositions do not correctly state the law. They are contrary to the express provisions of the statute. Lands benefited by the work of a drainage district are subject to be attached thereto without regard to their natural conditions. The sole question in this case and in all like cases is: Are or will the lands sought to be attached be benefited by the work of the district?

For the errors of law above mentioned the judgment of the Circuit Court is reversed and the cause remanded for another hearing in accordance with the views herein expressed.

*Reversed and remanded.*